**In re Roy Lee THOMPSON d/b/a Thompson Honey Co., Soc. Sec. # 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, Debtor.**

**Bankruptcy No. 379-00050(C).**

United States Bankruptcy Court, D. South Dakota.

Aug. 19, 1980.

See also, Bkrtcy., 3 B.R. 312.

J. Bruce Blake, Sioux Falls, S. D., for debtor.

Terry L. Pechota, U. S. Atty., Sioux Falls, S. D., for creditor.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The United States of America on behalf of ASCS, hereinafter Creditor, had a perfected security interest in Debtor's honey crop. By agreement of the parties and pursuant to Court approval, Debtor sold the honey and placed the money in escrow, with Creditor's perfected security interest transferred to the cash.

Debtor then filed notice of proposed action to use cash collateral to purchase bees and beehives. ASCS filed objections and a hearing was held. The Court entered an Order allowing Debtor, under the provisions of 11 U.S.C. Section 363, to use the cash to purchase bees and beehives; with Creditor's perfected security interest transferred to the property purchased by Debtor and to Debtor's 1980 and 1981 honey crops; these determined as providing the adequate protection required by 11 U.S.C. Section 363(e).

Creditor appealed the Order allowing Debtor to use the cash to purchase bees and beehives and made a Motion to Stay Execution of the Order pending completion of the appeal. The Court held a hearing on Creditor's Motion and denied it for the following reasons.

■ Where the Court has entered an order allowing a debtor the "use, sale or lease of property" under 11 U.S.C. Section 363, and the use, sale or lease of that property is necessary to the debtor's timely reorganization and rehabilitation, the Court will not stay execution of the order pending the completion of the appeal where the Court has found that the debtor has provided adequate protection to the creditor.

■ Debtor's sole business is as a beekeeper. Debtor has no realistic chance of rehabilitation without being allowed to purchase more bees and beehives. If this Court stayed execution of its Order until the completion of the appeal, the effect on the Debtor would probably result in Debtor having to convert to a liquidation bankruptcy. Debtor cannot economically survive while litigation on this matter continues for several months or years.

Further, in this particular instance, equities require the Court to deny Creditor's Motion for a stay pending completion of the appeal. Creditor is in the business of taking security interests in honey, which has an unstable market at best, and Creditor takes security interests in other equipment collateral. The Court has allowed Debtor to substitute collateral for Creditor's perfected security interest from honey, which was converted into cash, to bees, beehives, and the 1980 and 1981 honey crops. In the Court's opinion, the collateral substituted for the honey adequately protects the Creditor. Whereas Creditor loses nothing by denial of its Motion for a stay, Debtor stands to lose all.

Creditor has testified that it does take security interest in collateral other than honey. Whether the Court has properly allowed Debtor to substitute the collateral for Creditor's perfected security interest is one of the issues on appeal. However, this Court believes that regardless of which way the appeal is decided, Creditor remains adequately protected. To stay execution of the Order would, in effect, render the appeal moot, since sometime during the appeal Debtor would undoubtedly be forced to convert to a liquidation bankruptcy.

For the above mentioned reasons, this Court will not stay execution of an order allowing a debtor to use, sell or lease property under 11 U.S.C. Section 363 when the use, sale of lease of that property is necessary to a debtor's timely reorganization and rehabilitation and where the debtor has provided adequate protection to the creditor.